**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PRESTON FAYNE, | ) | CASE NO:    1:09 CV 1325 |
| | ) | |
| Petitioner, | ) | JUDGE NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| MARC HOUK, WARDEN, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  Petitioner, Marc Fayne ("Fayne"), challenges the constitutionality of his conviction in the case of *State v. Fayne*, Case No. CR494735, Cuyahoga County, Ohio Court of Common Pleas.  Fayne filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 10, 2009 in the United States District Court for the Northern District of Ohio.  (Doc. No. 1.)  For the reasons set forth below, the Petition should be **DENIED**.

## I.  PROCEDURAL BACKGROUND

### A.    State Conviction

The January, 2007 Term of the Cuyahoga County, Ohio Grand Jury indicted Fayne on two counts of Aggravated Robbery in violation of Ohio Revised Code R.C. § 2911.01 with firearm, prior conviction and repeat violent offender specifications; one

count of Felonious Assault in violation of R.C. § 2903.11 with firearm, prior conviction

and repeat violent offender specifications; and one count of Having a Weapon While

Under Disability in violation of R.C. §2923.13 with firearm specifications. (Exhibit 1.)

Fayne pled not guilty to the charges in the indictment. (Exhibit 2.)  Prior to trial, Fayne

waived a jury trial with respect to the prior conviction and repeat violent offender

specifications in counts one, two and three.  A jury heard the remaining charges.  Fayne

moved for a Criminal Rule 29 acquittal at the close of both the State and Defense

cases.  The court denied both motions. (Exhibits 3 & 4.)  On May 10, 2007, the jury

found Fayne guilty of one count of Felonious Assault, but not guilty of the remaining

charges heard by the jury.  The trial judge found Fayne guilty of the charges of a prior

conviction and the repeat violent offender specifications charged in count three.  The

court also found Fayne guilty of having weapons while under disability with the firearm

specifications in count four. (Exhibit 5.)  On May 15, 2007, in an entry journalized on

May 23, 2007, Fayne was sentenced to an aggregate term of twenty-one years in

prison. (Exhibit 6.)

> **B.    Direct Appeal**

Fayne, represented by new counsel, Michael J. Gordillo, filed a timely appeal to

the Eighth District Court of Appeals, Cuyahoga County. (Exhibit 7, Case No. CA 07

090045.)  In his brief, Fayne presented the following assignments of error:

> 1. THERE WAS INSUFFICIENT EVIDENCE TO CONVICT APPELLANT
> BEYOND A REASONABLE DOUBT.
>
> 2. THE CONVICTION OF APPELLANT WAS AGAINST THE MANIFEST
> WEIGHT OF THE EVIDENCE.
>
> 3. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN

PERMITTING THE UNRELIABLE IDENTIFICATION TESTIMONY.

4. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GIVE A JURY CHARGE OF ASSAULT AND/OR AGGRAVATED ASSAULT.

5. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF [TRIAL] COUNSEL [for failing to challenge the identification procedures and failing to seek a jury charge on the lesser offenses of assault or aggravated assault].

(Exhibit 8.)  The State filed its brief on January 18, 2008. (Exhibit 9.)  In a journal entry filed on March 10, 2008, the court admonished Fayne for failing to comply with App.R. 16 and 19 and Loc. App.R. 16. (Exhibit 10.)  On March 23, 2008, Fayne filed a corrected brief, presenting identical assignments of error. (Exhibit 11.)  In a journal entry and opinion issued on June 19, 2008, and journalized on June 30, 2008, the Court of Appeals affirmed the judgment and conviction of the trial court. (Exhibit 12.)

Fayne did not file a timely appeal of this decision to the Ohio Supreme Court. However, on October 27, 2008, Fayne filed a notice of appeal and motion for leave to file a delayed appeal in the Ohio Supreme Court from his direct appeal decision of June 19, 2008, (Exhibits 16 and 17.)  On December 31, 2008, the Ohio Supreme Court denied Fayne's motion for leave to file a delayed appeal. (Exhibit 18.)

###   C.    Application for Reopening

On September 17, 2008, Fayne filed a timely *pro se* application for reopening his direct appeal pursuant to App.R. 26(B) and presented seven instances of ineffective assistance of appellate counsel. (Exhibit 13.)  The State filed a response on October 29, 2008, opposing Fayne's application. (Exhibit 14.)  On June 9, 2009, the Court of Appeals denied Fayne's application as failing to present viable claims of ineffective assistance of counsel. (Exhibit 15.)

### D.    Petition to Vacate or Set Aside Judgment

On June 10, 2009, Fayne filed an untimely petition to vacate or set aside his

judgment of conviction or sentence.  In his petition, Fayne presented the following

claims for relief:

> 1. PETITIONER'S 14 AMENDMENT AND DUE PROCESS [RIGHTS] WERE
> VIOLATED WHEN THE STATE FAIL[ED] TO PROVIDE THE DEFENSE WITH
> COMPLETE DISCOVERY CONCERNING OFFICE[R] CLEVELAND['S]
> MISCONDUCT WITH THE EAST CLEVELAND P.D. THAT LED TO HER BEING
> FIRED.

(Exhibit 19.)  The State opposed the petition as untimely as it should have been filed no

later than November 30, 2007. (Exhibit 20.)  On August 14, 2009, the trial court issued

findings of fact and conclusions of law finding that Fayne's petition was untimely and,

further, that Fayne did not assert any substantive grounds for relief, that is, he did not

explain how the officer's termination affected the proceedings at his trial. (Exhibit 21.)

### E.    Petition for Federal Habeas Corpus

On June 10, 2009, Fayne filed a petition in this court, seeking a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  He asserts the following grounds for relief:

> GROUND ONE: PETITIONER'S TRIAL WAS FUNDAMENTALLY UNFAIR
> BECAUSE THE STATE ADDUCED EVIDENCE CREATED BY [AN]
> IMPERMISSIBLY SUGGESTIVE TECHNIQUE.
>
> GROUND THREE: PETITIONER WAS PREJUDICED BY TRIAL COUNSEL['S]
> INEFFECTIVENESS WHICH EFFECTED PETITIONER['S] RIGHTS TO A FAIR
> TRIAL
>
> GROUND FOUR: PETITIONER WAS DENIED DUE PROCESS OF LAW, AND
> THE COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING
> PETITIONER'S CONVICTION TO STAND AS THE EVIDENCE WAS NOT
> SUFFICIENT AND WENT AGAINST THE WEIGHT.

(Doc No. 1.)   Fayne did not assert a "Ground Two" in his Petition.

On December 1, 2009, Respondent filed a Return of Writ.  (Doc. No. 13.)   Fayne did not file a Traverse.

## II.  PROCEDURAL DEFAULT

Respondent asserts that all grounds presented in the Petition are procedurally defaulted and should be dismissed.

When state courts refuse to review the merits of an alleged error because of a cited procedural violation, the petitioner has procedurally defaulted that claim.  Even constitutional errors will not be noticed on federal habeas corpus review if an adequate and independent state ground exists for upholding the conviction or sentence.  *Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  The Sixth Circuit's decision in *Maupin* sets out four inquiries that a district court should make when the state argues that a habeas claim has been defaulted by petitioner's failure to observe a state procedural rule.

> First, the court must determine whether there is such a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail to follow it. *Maupin*, 785 F.2d at 138.  Second, the court must decide whether the state courts actually enforced its procedural sanction.  *Id.*  Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim."  This question will usually involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims."  *Id.*  And, fourth, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497,53 L.Ed.2d 594 (1977), that there was "cause" for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error.  *Id.*; *see also Scott v. Mitchell*, 209 F.3d 854, 864 (6th Cir.), *cert. denied*, 531 U.S. 1021, 121 S.Ct. 588, 148 L.Ed.2d 503 (2000).

*Greer v. Mitchell*, 264 F.3d 663, 672-73 (6th Cir. 2001).

The procedural default may be excused if the petitioner shows cause for the

-5-

procedural default and prejudice resulting from the alleged error.  *Maupin*, 785 F.2d at

138.  In addition, a court may notice an otherwise defaulted claim if a petitioner

demonstrates "actual innocence."  This requires the petitioner must use  "new and

reliable evidence that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 299

(1995), to make a clear and convincing case that, but for a constitutional error, no

reasonable juror would have found petitioner guilty of the crime.  *Sawyer v. Whitley*, 505

U.S. 333, 339-40 (1992).

Respondent asserts that Fayne procedurally defaulted Grounds One, Three, and

Four.  Fayne presented these grounds on direct appeal to the court of appeals.

However, he did not timely appeal these grounds to the Ohio Supreme Court.  Instead,

Hines moved for a delayed appeal, which the Ohio Supreme Court denied.

Ohio Supreme Court Rule § 2(A) requires that an appeal be perfected within 45

days from the entry of the judgment being appealed and failure to do so "divest[s] the

Supreme Court of jurisdiction to hear the appeal."  Ohio Supreme Court Rule II § 2(A)(4)

does allow a felon to seek to file a delayed appeal after expiration of the deadline, which

the Supreme Court has discretion to hear if its finds adequate reasons for delay.  Here,

the Ohio Supreme Court actually enforced its procedural rule requiring appeals to be

perfected within 45 days by denying Fayne's motion to file a delayed appeal.  The Sixth

Circuit has recognized that a refusal by the Ohio Supreme Court to hear a delayed

appeal amounts to an adequate procedural bar precluding habeas review.  *See Bonilla*

*v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (Ohio Supreme Court's denial of Bonilla's

motion for leave to file a delayed appeal constitutes a procedural

ruling sufficient to bar federal court review of Bonilla's habeas corpus petition).  Thus,

-6-

Fayne has procedurally defaulted all grounds presented in his petition.

Fayne does not assert cause for the procedural default nor actual innocence.  As such, it is recommended that Grounds One, Three, and Four be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Fayne 's petition for habeas relief should be **DENIED**.


Date: January 28, 2010                                   /s/ *Nancy A. Vecchiarelli*
                                                         United States Magistrate Judge


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111.**